## POWER OF THE COMMON PLEAS COURT OVER ITS OWN JUDGMENTS.

Circuit Court of Cuyahoga County.

ARTHUR L. SEELBACH v. ELIZABETH CRAFT.

Decided, June 4, 1909.

*Judgments—Vacation at Same Term—Review.*

1. The court of common pleas has full control over its own orders and judgments during the term at which they were rendered and may vacate or modify them at discretion.
2. Where a judgment is vacated at the same term at which it is rendered, a reviewing court will not weigh the evidence introduced upon the hearing of the motion to vacate to determine its sufficiency.

*Higley & Maurer,* for plaintiff in error.
*J. C. Mansfield,* contra.

WINCH, J.; MARVIN, J., and HENRY, J., concur.

At the September term, 1904, of the Common Pleas Court of Cuyahoga County, plaintiff in error recovered a judgment against defendant in error upon a cognovit note. At the same term, but more than three days thereafter, defendant in error filed her motion to vacate said judgment alleging, among other things, that she had a good defense to said note.

Said motion was heard and granted, the court finding that sufficient grounds existed to vacate said judgment, but no finding was made as to there being a valid defense to the action. To said order plaintiff in error excepted, filed his bill of exceptions containing all the evidence introduced at said hearing, and now brings the matter here on a petition in error praying for a reversal of said order vacating his judgment, claiming that it is erroneous by reason of the fact that the trial judge failed to find and state in his order that a valid defense to the action existed, and further, that the bill of exceptions shows that as a matter of fact no such defense exists.

Had the judgment been vacated at a term subsequent to the one at which it was entered, plaintiff's contention should be sustained under Sections 5359 and 5360, Revised Statutes.  But said sections apply *only* to the vacation of judgments after the term at which they were made.

That the court of common pleas has full control over its own orders and judgments during the term at which they are rendered and the power to vacate or modify the same at discretion, is well settled in Ohio: *Huntington* v. *Finch,* 3 O. S., 445; *Niles* v. *Parks,* 49 O. S., 370; *Huber Mfg. Co.* v. *Sweny,* 57 O. S., 169.

It follows that the order complained of having been made at the same term as the judgment, a reviewing court will not consider the evidence introduced on the hearing of the motion, for the purpose of determining whether it is sufficient to sustain the judgment of the court on the motion.  *Niles* v. *Parks,* 49 O. S., 370.

We find no reason for reversing the order complained of, and the judgment is affirmed.